# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA MIDDLE DIVISION

| | | |
|---|---|---|
| **MICHAEL GIBSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **4:07-CV-2355-VEH** |
| | ) | |
| **CITY OF GADSDEN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on May 6, 2009, recommending that Defendants' motion for summary judgment (Doc. 11) be granted, Defendants' motion to strike (Doc. 20) be deemed moot, and this cause be dismissed with prejudice.  (Doc. 21).  The case was reassigned to the undersigned on May 6, 2009.  (Doc. 22).  On May 21, 2009, Plaintiff filed objections to the report and recommendation.  (Doc. 23).

Having carefully considered the materials in the court file, including the report and recommendation and after conducting a *de novo* review of the record relating to Plaintiff's objections, the court is of the opinion that the magistrate judge's report is due to be **ADOPTED** and his recommendation is due to be **ACCEPTED**.  Relatedly, Plaintiff's objections are due to be **OVERRULED**.

Regarding the concerns raised in his objection more specifically, Plaintiff contends that the magistrate judge erred in determining that there are no "genuine issues that must be determined by the trier of fact." (Doc. 23 at 2). He further states that:

> This Recommendation makes several factual determinations that must be left to the trier of fact. Specifically, whether this is, in fact, a claim of discrimination because of race was analyzed by the court, we believe, incorrectly. This factual dispute alone raises a genuine issue of material fact that should be decided by the trial court. We disagree with the analysis by the magistrate, that the amended complaint did not clearly state a claim of racial discrimination in violation of the plaintiff's 5th and 14th amendment rights with regard to 42 USC § 1981 and 1983 relief concerning the discriminatory treatment by the defendant of the plaintiff. The [amended] complaint, as well as the Response to Summary Judgment motion, clearly state that the Plaintiff is a member of a protected class (African-American), that he was treated differently from the firefighters who were not members of his protected class, and that the plaintiff claims racial discrimination in violation of the plaintiff's 5th and 14th amendment rights with regard to 42 USC § 1981 and 1983. (See plaintiff's brief at pgs 2 & 9).

(Doc. 23 at 2-3).

The court disagrees with Plaintiff's assessment of the magistrate judge's report and recommendation regarding his claim of racial discrimination premised upon the equal protection clause. More specifically, as the report and recommendation clarifies:

> The court, however, need not resolve this dispute [*i.e.*, over whether the amended complaint clearly states a claim of race discrimination pursuant

2

to §§ 1981 and 1983] because, the court concludes, <u>the defendants are entitled to summary judgment on the plaintiff's equal protection claim even assuming for the sake of argument that he has sufficiently pled an allegation of race discrimination</u>.

(Doc. 21 at 13 (emphasis added)).  Therefore, the magistrate judge expressly <u>assumed</u> the sufficiency of Plaintiff's race discrimination claim in undergoing his summary judgment analysis, and Plaintiff's opposition in this regard is therefore not well-taken.

Plaintiff also challenges that:

[T]he magistrate erroneously granted summary judgment to the defendants with respect to the equal protection analysis found on pages 13-20.  We object to the conclusions of this analysis.  Namely:  the assertion that plaintiff has not met the requirement for a prima facie case for an equal protection claim, the assertion that the magistrate has the authority to make such a determination in a summary judgment action; the analysis of whether or not the white firefighters and the black plaintiff could be considered comparators, and whether or not the magistrate has the authority to make this factual determination in a summary judgment action.  pg 19- of Response states claim.

The plaintiff objects to the magistrate's conclusion that the he has not met his burden with respect to establishing a prima facie equal protection claim.  The magistrate cites no evidence to support this assertion, and the plaintiff contends that this is a factual determination that should be left to the trier of fact.  The plaintiff objects to the magistrate's analysis and conclusion that the white firefighters and the plaintiff were not sufficiently similarly situated to be adequate comparators in plaintiff's equal protection claim.  The plaintiff contends that the question of whether or not the white firefighters and the plaintiff are similarly situated comparators is a genuine issue of material fact that must be determined by the trial court.  Indeed, the very length and breadth of the magistrate's analysis and conclusion with respect to the issue of similarly situated comparators in this claim, seems to imply that

3

the issue is complex and contentious enough to warrant a complete determination of the surrounding facts at trial court.

(Doc. 23 at 3-4).

In studying this portion of his objection relating to equal protection, it appears that Plaintiff misunderstands the report and recommendation process. The magistrate judge is not making any <u>final</u> factual determinations or rulings on summary judgment, but rather only providing recommendations. Instead, the undersigned has reviewed *de novo* those portions of the record that relate to Plaintiff's objections and separately and independently determined the correctness of any objected to findings and recommendations.

This accepted process is set forth statutorily in 28 U.S.C. § 636, which states in part that:

**(b)(1)** Notwithstanding any provision of law to the contrary–

**(A)** a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

4

**(B)** <u>a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)</u>, of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

**(C)** the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  <u>A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made</u>.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b) (footnotes omitted) (emphasis by underlining added).

Regarding the *de novo* review requirement in particular, the district court's obligation is to independently review those portions of the record to which objections are made as opposed to the entire record.  *See, e.g., Washington v. Estelle*, 648 F.2d 276, 282 (5th Cir. 1981) ("Both in his brief and at oral argument, Washington maintains that the District Court erred in reviewing *de novo* only the objected to portion of the magistrate's findings, rather than reviewing the entire record *de*

*novo*.");[1] *id.* ("Based on the language of this order, we are convinced that the District Judge sufficiently complied with the act which requires "'a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'") (citations omitted).[2]

Consistent with this *de novo* assessment, the undersigned has independently determined that the "plaintiff has not met the requirement for a prima facie case for an equal protection claim" and that the purported white comparators relied upon by Plaintiff are not legally suitable due to the fact that he and they are not "similarly

---

[1]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2]   In *Washington*, the district judge's order adopting the magistrate judge's proposed decision stated:

> The Court having considered the Findings and Recommendations of the United States Magistrate filed on September 19, 1979, and the Court further having reviewed and considered the written objections filed by the Petitioner herein on October 2, 1979, and the Court having made a de novo review of the objections raised by the Petitioner and the Court being of the opinion that the findings are correct and that the objections are without merit,
>
> IT IS, THEREFORE, ORDERED that the Findings, Conclusions and Recommendations of the United States Magistrate are adopted.

648 F.2d at 282 (emphasis added) (citation omitted).

6

situated *in all relevant respects*" which the magistrate judge correctly concluded the Eleventh Circuit requires for such a claim to survive summary judgment. *See Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1204 ("In evaluating this [equal protection race discrimination] claim, we held that employees must be "'similarly situated *in all relevant respects*.'") (citation omitted); *see also Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006) ("The analysis of Plaintiffs' equal protection claim requires a finding that there were developments which were similarly situated to the Campbells' proposed development, because "'[d]ifferent treatment of dissimilarly situated persons does not violate the equal protection clause.'") (emphasis added) (quoting *E & T Realty v. Strickland*, 830 F.2d 1107, 1109 (11th Cir. 1987)).

More particularly and as substantiated by the record on summary judgment, as "promoted Drivers" the would-be comparators were subject to a "grandfather" exemption within the Department regarding the requirement to obtain AO certification while Plaintiff, as only a part-time or fill-in driver, was not. It is also important to note that, in his objection, Plaintiff does not challenge these factual determinations, much less point to any competing evidence contained in the record regarding the description of his or the suggested comparators' driving status. Accordingly, Plaintiff's equal protection claim on the basis of race does not survive as a matter of law.

7

Plaintiff further finds fault with:

> [The] magistrate's analysis and conclusion regarding the plaintiff's 5th and 14th Amendment due process claims. The magistrate's Recommendation contends that the plaintiff's due process claim is pursuant to the 14th amendment, yet analyzes the merits of the claim as though it were a 5th amendment claim (footnote 20, '. . the due process clause of the 14th amendment applies to state governmental entities. Because the defendants here are the latter, the court will construe this claim as alleging a 14th amendment due process claim").
>
> The plaintiff objects to the magistrate's analysis and conclusion regarding the plaintiff's substantive due process claim. The magistrate's Recommendation contends that 'employment rights are state-created rights and... do not enjoy substantive due process protection.' (pg. 20, quoting *McKinney v. Pate* dissent [2]0 F.3d 1550, 1560 (11th Cir. 1994). The plaintiff objects to this characterization of plaintiff's employment rights with respect to his substantive due process claim, as it is not supported by the applicable law, and is actually a factual question to be decided at trial court.
>
> The plaintiff objects to the magistrate's analysis and conclusion regarding the plaintiff's procedural due process claim. The magistrate's Recommendation does not address the role of the court in making a summary judgment decision in a procedural due process claim. The conclusions reached by the magistrate's Recommendation appear to refute issues that have not been raised, thereby precluding the determination of whether or not there is an issue of material fact.

(Doc. 23 at 4-5).

Once again, the overall tone of this section to Plaintiff's objection seems to misconstrue the report and recommendation process and is misguided under the parameters of § 636 for the reasons explained above. Furthermore, the court, after

conducting its own review, concludes that Plaintiff's substantive and procedural due process claims (regardless of whether they are asserted or analyzed pursuant to the 5th Amendment or the 14th Amendment) do not involve any triable factual issues and cannot be sustained as a matter of law. Therefore, the court is in agreement with the magistrate judge's unflawed analysis that summary judgment is appropriate as to any asserted due process violations.

Plaintiff's concluding remarks made in his objection are:

Finally, plaintiff objects to framework used and conclusions made in the Recommendations by the magistrate. The Recommendations frame the plaintiff's claim as an objection to the policies promulgated under Chief Carroll, when in fact the claim concerns the disparate treatment the plaintiff received because of the discrimination with respect to the implementation of policies by the defendants, city of Gadsden and the fire department.

(Doc. 23 at 5). There is nothing improper about the framework used or the legal conclusions suggested by the magistrate judge in his report and recommendation, and the court rejects the substance of this challenge.

Therefore, the court **EXPRESSLY FINDS** that there are no genuine issues of material fact and that Defendants are entitled to judgment as a matter of law. Accordingly, Defendants' motion for summary judgment is due to be **GRANTED**, and this action is due to be **DISMISSED WITH PREJUDICE**. Additionally, Defendants' motion to strike is due to be deemed **MOOT**.

9

An order of final judgment will be separately entered.

**DONE** and **ORDERED** this the 5th day of June, 2009.

**VIRGINIA EMERSON HOPKINS**
United States District Judge